IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Antawin Burgess, | ) | Civil Action No. 4:11-2649-TLW |
| | ) | Criminal No. 4:07-791-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Antawin Burgess. ("Petitioner" or "Defendant"). On June 26, 2007, a federal grand jury returned an Indictment charging Petitioner with drug offenses in violation of 21 U.S.C. §§ 841 and 846. (Doc. # 1). Following a jury trial, Petitioner was convicted of Count 1 of the Indictment, Conspiracy to Distribute 50 grams or more of Cocaine Base and 5 Kilograms or more of Cocaine, and Count 4 of the Indictment, Distribution of a Quantity of Cocaine. (Doc. # 140). Prior to trial, the United States of America ("Government") filed an Information pursuant to 21 U.S.C. § 851 notifying Petitioner that, based upon a prior 1999 felony conviction for Possession of Crack Cocaine, Petitioner would be subject to a mandatory minimum term of imprisonment of 20 years, a maximum of life imprisonment, if convicted in the instant case. (Doc. # 120).

On January 22, 2009, this Court held a sentencing hearing in Petitioner's case. (Docs. # 158 and # 170). At the hearing, the Government conceded that Petitioner should be held accountable for less than 4.5 kilograms of crack cocaine, resulting in a decrease of the calculated sentencing guideline in Petitioner's case to a range of 324 to 405 months imprisonment. (Doc. #

170 at pp. 6-9). After the Government agreed to that concession, Petitioner indicated to the Court that he had no further objections to the Presentence Investigation Report prepared in his case. Id. at p. 8. The Court then went on to sentence Petitioner to 324 months imprisonment on each of Counts 1 and 4, those time periods to run concurrently. Id. at 15-16.

On January 22, 2009, Petitioner noticed an appeal to the Fourth Circuit. (Doc. # 159). By opinion dated June 30, 2010, the Fourth Circuit affirmed Petitioner's conviction and sentence, finding that there was sufficient evidence to support Petitioner's conviction and that this Court did not err in permitting Petitioner's 1999 drug conviction to be used for sentence enhancement purposes. United States v. Burgess, No. 09-4121 (June 30, 2010) (Doc. # 189).

On September 30, 2011, Petitioner filed the present action asserting three grounds of relief. (Doc. # 195). The claims found in grounds one and two are based upon a theory of ineffective assistance of counsel. In ground three, Petitioner seeks relief pursuant to the Fair Sentencing Act of 2010.

On March 30, 2012, the Government filed its response in opposition and moved for summary judgment. (Docs. # 206 and # 207). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed April 2, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 208). Petitioner filed a response on May 9, 2012. (Doc. # 210). The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United

States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved for summary judgment as to all grounds raised by Petitioner. (Docs. # 206 and # 207). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## **DISCUSSION**

Petitioner asserts three grounds of relief, the first two of which are based upon a theory of ineffective assistance of counsel and relate to matters prior, during and subsequent to trial, as well as during direct appeal. (Doc. # 195).

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The Petitioner "must show that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." Id. at 690. Furthermore, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

**Ground One**

Petitioner first claims that his counsel was ineffective in failing to challenge the admission into evidence at trial of Petitioner's prior state court convictions and the later use of such convictions to enhance his federal sentence. In this first ground, Petitioner also claims that his counsel was ineffective for failing to object to the trial testimony of Petitioner's co-conspirators. (Doc. # 195).

Petitioner's claims in this ground are without merit. As an initial matter, the record before the Court reflects that Petitioner's counsel, Ralph J. Wilson, Esq., did object to the introduction into evidence of Petitioner's prior conviction for possession of crack cocaine, the only conviction admitted against Petitioner at trial. (Docs. # 174 and # 202). Although this Court ultimately admitted that conviction into evidence as intrinsic to the charged drug conspiracy, the Court's ruling was not the result of a lack of competent argument by defense counsel. (Doc. # 174).

Petitioner also complains that defense counsel did not insist upon Petitioner's right to "cross" such material prior to its introduction into evidence. (Doc. # 195). Here Petitioner cites to Crawford v. Washington, 541 U.S. 36 (2004). However, as the Government points out in its

memorandum, the <u>Crawford</u> case deals with the limits imposed by the Sixth Amendment's Confrontation Clause on the admissibility of out-of-court testimonial statements. In the instant case, Petitioner's prior conviction was proved through documentary evidence, the validity and authenticity of which are not in dispute. <u>Crawford</u> is therefore inapposite and provided no basis for counsel to challenge the admissibility of Petitioner's prior conviction. Additionally, the record reflects that defense counsel was permitted to cross-examine and did cross-examine the officer who testified to facts related to the prior conviction. (Doc. # 174).

Petitioner's claim that his counsel failed to offer proper objection to the trial testimony of Petitioner's co-conspirators is also without basis in the record. Petitioner offers no specific instance or specific failure on the part of his counsel in this regard but simply alleges a blanket failure to properly object. However, there is nothing in the record before the Court that evidences a general failure on the part of defense counsel to adequately cross-examine or make proper objection to the testimony of the Government's witnesses. To the contrary, in his affidavit, counsel asserts that at trial he advanced "any and all objections that [he] deemed legally sound . . . ." (Doc. # 202).

Finally, Petitioner maintains that his counsel was ineffective in failing to challenge the use of Petitioner's prior convictions to enhance his sentence, even though "it [was] clear that the 'prior offenses' [were] part of the instant conspiracy". (Doc. # 195). However, this claim by Petitioner appears to be based on a misunderstanding of established case law.

The Fourth Circuit has held that as long as a prior conviction becomes final before the conclusion of the instant conspiracy that prior conviction may be used to enhance a federal sentence. <u>See</u> <u>United States v. Howard</u>, 115 F.3d 1151, 1158 (4th Cir. 1997); <u>see also</u> <u>United States v. Lovell</u>, 16 F.3d 494, 497 (2d Cir. 1994). This holds true even if the prior conviction –

and the conduct underlying it – occurred during the "instant conspiracy" or conspiracy time period. In fact, as the Government points out, the Fourth Circuit applied this very rule in upholding Petitioner's conviction and sentence. See United States v. Burgess, No. 09-4121 at 3 (June 30, 2010) ("We find no error with respect to the use of a 1999 felony conviction for possession of crack cocaine in order to increase Burgess' statutory minimum sentence. The conviction was final prior to Burgess ending his participation in the conspiracy."). Moreover, a review of the Pre-Sentence Investigation Report in Petitioner's case reveals that the latest in time of the prior convictions used to enhance Petitioner's sentence was a January 2005 Possession of Marijuana, 2nd Offense, conviction (Doc. # 157 at ¶ 43). The same report also indicates that Petitioner's participation in the conspiracy for which he was sentenced continued beyond January 2005. See Id. at ¶¶s 7, 19, 24, and 30.

This Court therefore cannot conclude that counsel's failure to challenge the use of Petitioner's prior convictions for sentence enhancement purposes amounted to ineffective representation. Given the clear state of the law and the information contained in the Pre-Sentence Investigation Report, any objection raised by counsel that Petitioner's prior convictions were off limits as part of the "instant conspiracy" would have been rejected by the Court as without basis.

**Ground Two**

In his second ground for relief, Petitioner claims that his counsel was ineffective in failing to withdraw as appellate counsel and in filing an Anders brief. (Doc. # 195).

Petitioner's claims in this ground are likewise without merit. Firstly, Petitioner fails to identify a single issue that his counsel should have raised but did not raise on appeal. Instead,

Petitioner advances a global, non-specific allegation of ineffectiveness that invites this Court to speculate, not only about what other potential issues could have been raised on appeal, but whether any such issue would have enjoyed a likelihood of success before the Fourth Circuit.

What is before the Court is the affidavit of defense counsel. (Doc. # 202). In that affidavit, counsel maintains that prior to filing an Anders brief in this case, counsel "did considerable research of all potential appellate issues, had phone conversations with Mr. Burgess, read trial and sentencing transcripts, revisited [his] trial notes and discovery material, witness statements, case investigation and reports." Id. at pp. 4-5.

Finally, it should be noted that subsequent to counsel's filing of the Anders brief, in accordance with Anders, the Fourth Circuit undertook a review of the record and found no meritorious issues for appeal. See United States v. Burgess, No. 09-4121 at 4 (June 30, 2010).

In light of all of the above, Petitioner has not shown that his defense counsel was deficient or ineffective in the handling of his appeal, much less that any deficiency in counsel's representation resulted in prejudice to Petitioner.

**Ground Three**

In his third and final ground of relief, Petitioner seeks a reduction of his sentence pursuant to PL 111-220 [2010 S 1789], The Fair Sentencing Act of 2010. ("FSA" or "Act").

In general terms, the FSA raised the drug quantity thresholds that trigger mandatory sentences for crack cocaine offenses under federal law. However, because the FSA did not become effective until August 3, 2010, it is not applicable to Petitioner's case.

The judgment in Petitioner's case was entered on January 29, 2009. (Doc. # 160). That is well before the effective date of the FSA. Moreover, Fourth Circuit precedent makes clear that

the Act is <u>not</u> retroactively applicable to Petitioner's case.  <u>See</u> <u>United States v. Bullard</u>, 645 F.3d 237, 248-49 (4th Cir. 2011) (declining to apply the FSA retroactively to cases pending appeal in the face of 1 U.S.C. § 109, The General Savings Statute).

Because the Act does not apply retroactively to this case, Petitioner's third and final ground for relief is likewise without merit.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 195) and the Government's motion for summary judgment is **GRANTED** (Doc. # 207).  This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____
TERRY L. WOOTEN
United States District Judge

June 18, 2012
Florence, South Carolina