IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:07-cr-00791-TLW-1 |
| v. | **Order** |
| Antawin Burgess | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant was convicted at trial of two counts: Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 846 (Count 1); and Possession With Intent to Distribute a Quantity of Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count 4). After taking into account the § 851 Information that the Government previously filed, his statutory sentencing ranges were 20 years to Life, followed by at least 10 years of supervised release on Count 1, and up to 30 years, followed by at least 6 years of supervised release on Count 4. PSR ¶¶ 80, 84. The PSR originally calculated a base offense level of 38, but at sentencing, the parties stipulated to a base offense level of 36. As a result, his Guidelines range at sentencing was 324 to 405 months (38/IV), followed by 10 years of supervised release. PSR ¶¶ 81, 87; ECF No. 161 at 1. The Court imposed a 324-

1

month term of imprisonment, followed by a 10-year term of supervised release. ECF No. 160. The Court later reduced his sentence to 252 months on his motion pursuant to Amendment 782 to the Guidelines. ECF No. 217.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280 grams.

The Fourth Circuit recently held that a defendant convicted of a multi-object drug conspiracy case involving crack and some other drug is still eligible for a reduction even though the Fair Sentencing Act only modified the penalties associated with crack. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). Thus, Defendant is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to

this section." Notably, *Gravatt* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Gravatt*, 953 F.3d at 264.

In Defendant's motion, he requests a full resentencing hearing. *See* ECF No. 527 at 8. Judge Currie has recently considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also United States v. Wirsing*, 943 F.3d 175, 181 n.1 (4th Cir. 2019) ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for a crack weight (1.5–4.5 kilograms) that would have clearly supported a charge to the current threshold amount (280 grams); (2) his statutory penalties would have been the same if the Fair Sentencing Act had been in

place at the time of his sentencing because he was also convicted of conspiring to possess with intent to distribute 5 kilograms or more of cocaine;[1] (3) he received a firearm enhancement in this case; (4) he was on probation when he committed the instant offense; and (5) he has a significant prior record, including prior drug convictions and convictions related to him firing shots inside a club. For these reasons, the Court declines to reduce his sentence, and his motion, ECF No. 226, is therefore **DENIED**.

**IT IS SO ORDERED.**[2]

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

June 24, 2020
Columbia, South Carolina

---

[1] He was held accountable for a cocaine weight of approximately 27.2 kilograms, though the PSR relied solely on the crack weight to calculate his total offense level. *See* PSR ¶¶ 33, 54. This was presumably because, at the time, the crack weight alone, as originally calculated, put him in the highest offense level on the drug quantity table. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c)(1) (Nov. 2007) (providing that a crack weight of 4.5 kilograms or more results in a base offense level of 38).

[2] In light of this ruling, the remaining outstanding motion in this case, ECF No. 225, is terminated as **MOOT**.