IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Antawin Burgess | Crim. No. 4:07-cr-00791-TLW-1<br><br>**Order** |

This matter is before the Court on Defendant's motion for reconsideration of the denial of his motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. "Because there is no provision in the Federal Rules of Criminal Procedure that governs a motion for reconsideration, courts are guided by analogy to the standards established by the civil rules." *United States v. Mallory*, 337 F. Supp. 3d 621, 626 (E.D. Va. 2018) (citation omitted). Under the civil rules, a Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

The Court has considered the arguments he raises in this motion, including the asserted disproportionate impact of § 851 filings on black defendants, the relatively short time he served in custody on his past convictions, his age, his good behavior in prison, the sources for his drug weight, that the conduct the Court noted in its prior order is accounted for in the Guidelines, and his brain development. However, for the reasons set forth in the Court's prior order denying his First Step

1

Act motion, which the Court incorporates here, the Court concludes that a sentence reduction in his case is not warranted.[1] Those specific reasons were: (1) he was held accountable at sentencing for a crack weight (1.5–4.5 kilograms) that would have clearly supported a charge to the current threshold amount (280 grams); (2) his statutory penalties would have been the same if the Fair Sentencing Act had been in place at the time of his sentencing because he was also convicted of conspiring to possess with intent to distribute 5 kilograms or more of cocaine; (3) he received a firearm enhancement in this case; (4) he was on probation when he committed the instant offense; and (5) he has a significant prior record, including prior drug convictions and convictions related to him firing shots inside a club while unlawfully in possession of a pistol. Accordingly, his motion for reconsideration, ECF No. 237, is **DENIED**.

    **IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

September 2, 2020
Columbia, South Carolina

---

[1] The Court also notes that even if the crack penalties were ignored entirely, he would still be subject to a mandatory 240-month term of imprisonment and 10 years of supervised release based on the cocaine penalties alone. His current 252-month sentence is only 12 months above that minimum.