UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Antawin Burgess | Case No. 4:07-cr-00791-TLW<br><br>**Order** |

This matter is before the Court on Defendant Antawin Burgess's *pro se* motion for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 255. For the reasons set forth below, his motion is denied.

## BACKGROUND

On September 11, 2009, Burgess was convicted of conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack, and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. ECF Nos. 127, 140. Prior to trial, the Government filed an Information pursuant to 21 § U.S.C. 851 enhancing Burgess' statutory minimum sentence to 20 years imprisonment. ECF No. 120. The Court imposed an overall sentence of 324 months imprisonment on Counts 1 and 4, each to run concurrently, followed by terms of supervised release of 10 years on Count 1 and 6 years on Count 4, to run concurrently. ECF Nos. 158, 160. On October 15, 2015, the Court reduced Burgess's total sentence of imprisonment to 252 months based on Amendment 782 to the Guidelines. ECF No. 217. BOP records reflect that he is scheduled to be released from custody on August 26, 2025.

## APPLICABLE LAW

Absent certain exceptions, a court "may not modify a term of imprisonment

once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release statute. That statute provides, in relevant part, as follows:

> [T]he court, . . . upon motion of the defendant . . . , may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . , if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Sentencing Commission has issued a policy statement addressing compassionate release motions—§ 1B1.13. But prior to the passage of the First Step Act, compassionate release motions could only be filed by the BOP, so § 1B1.13 by its terms only applies to BOP motions. *See United States v. McCoy*, 981 F.3d 271, 275–76 (4th Cir. 2020) (explaining the First Step Act's changes to the compassionate release statute). There is no corresponding policy statement addressing compassionate release motions filed by inmates. Thus, in *McCoy*, the Fourth Circuit held that, when considering an inmate's compassionate release motion, § 1B1.13 is not an "applicable policy statement[]." *Id.* at 284. But while § 1B1.13 may not directly apply to an inmate's motion, "it remains helpful guidance." *Id.* at 282 n. 7.

While § 1B1.13 may provide guidance, it is not an "applicable policy statement[]," so "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d. Cir. 2020)) (emphasis in

2

original); *see also United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). Ultimately, the determination of whether a case presents extraordinary and compelling reasons warranting a sentence reduction is a question reserved to the sound discretion of the district court.

## DISCUSSION

In Burgess's motion, he seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) claiming to have identified "extraordinary and compelling" circumstances based on the fact that if he were sentenced today his applicable statutory minimum sentence of imprisonment would be lower in light of the fact that his prior drug conviction would no longer qualify as an enhancing § 851 conviction under § 401 of the First Step Act and that his 240 month mandatory minimum would today be 120 months. ECF No. 255 at 8.

The Government opposes his motion, arguing that the fact Defendant's statutory minimum sentence of imprisonment would be lower if he were sentenced today does not entitle Defendant to relief under § 3582(c)(1)(A). Specifically, the Government argues that his Guidelines range is higher than the 240 months mandatory minimum, therefore the new 10 year minimum would have no impact on his current sentence.

In arguing Defendant has not identified "extraordinary and compelling reasons" for a sentence reduction, the Government points out that the Defendant "provides no case law on point regarding whether changes to the definition of a 'serious drug felony', which render invalid the enhancement of the statutory

3

imprisonment range, can amount to an 'extraordinary and compelling' reason sufficient to warrant a sentence reduction." ECF No. 249 at 6. In support of its position, the Government cites *United States v. McCoy*, 981 F.3d 271, 281-83 (4th Cir. 2020), where the Fourth Circuit held the policy statement found in U.S.S.G. § 1B1.13—which applies to reductions in terms of imprisonment under § 3852(c)(1)(A)—does not apply to compassionate release motions brought by inmates under § 3582(c)(1)(A)(i). "In place of the policy statement, *McCoy* permits 'courts [to] make their own independent determinations of what constitutes an extraordinary and compelling reason' under § 3582(c)(1)(A), as consistent with the statutory language." *See* ECF No. 249 at 6.

As noted by the Government, *McCoy* did conclude that Congress' recent amendments to the stacking provisions of § 924(c) could, when coupled with other defendant-specific factors, constitute extraordinary and compelling reasons under 3582(c)(1)(A)(i). However, *McCoy* did not hold that the "existence of stacked § 924(c) sentences alone *necessarily* satisfies the requirements of 3582(c)(1)(A)(i)." *Id*. The Government accurately notes that *McCoy* held that courts "may consider" that "defendants are serving sentences that Congress itself views as dramatically longer than necessary or fair" and that a district court "must make an individualized inquiry in each case." *Id*. at 7, 8. It is the Government's position that Defendant fails to meet the heightened standard required by § 3582(c)(1)(A)(i) and the defendant-specific factors, arguing that his age at the time of the instant offense, his prior criminal history, the underlying facts of his criminal conduct and his inmate disciplinary

4

history do not support granting his request for compassionate release. *Id.* at 9. The Government highlights that Defendant was 29 years old during the latter part of his offense conduct, has a significant and violent criminal history, and committed the instant offense while on state probation. *Id.*; PSR ¶¶ 30, 40, 41, 42.

Next, the Government argues that even if Defendant has presented extraordinary and compelling reasons, the § 3553(a) factors weigh against release. The Government points to the nature and circumstances of Defendant's offense—"Burgess was an armed drug trafficker responsible for the distribution of over 20 kilograms of cocaine and 1.5 kilograms of crack." *Id.* at 10. Next, the Government identifies the history and characteristics of the Defendant, noting that "Burgess' criminal history is serious and includes convictions for a firearm possession offense during which he fired shots inside a club, drug offenses, and resisting arrest." *Id.* at 10 – 11. Finally, the Government argues that release is not warranted in light of the fact that Defendant has served approximately 14 years, or approximately two-thirds of the sentenced imposed by the Court. The Government argues early release "would be contrary to the purposes of § 3553(a)(6) to avoid unwarranted sentence disparities." *Id.*

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the PSR and has considered the statutory penalties, the Guidelines range, applicable caselaw and statutory law, all of the § 3553(a) factors, and his post-sentencing conduct. In light of those considerations, the Court concludes that Defendant has not shown that "extraordinary and compelling reasons" warrant a

5

reduction or that the § 3553(a) factors weigh in favor of release. The Court's reasons for reaching this conclusion include: (1) the seriousness of the instant offense, (2) that his Guidelines range would be the same today, and (3) his extensive criminal history that includes crimes of violence and serious drug conduct.

As to the "extraordinary and compelling reason" standard, the Court has considered all of the circumstances and arguments raised by Defendant and concludes that he has not established an "extraordinary and compelling reason" that warrants release. As noted above, Defendant is seeking release based on the fact that if he were sentenced today his applicable statutory minimum sentence of imprisonment would be lower because his prior drug conviction would no longer qualify as an enhancing § 851 conviction. Defendant does not allege he suffers from any medical conditions, nor has he provided any medical documentation indicating he suffers from any medical conditions warranting release. Defendant has not established that "extraordinary and compelling reasons" warrant release.

Even if Defendant had established an "extraordinary and compelling reason" warranting release, the Court concludes that Defendant's motion would still be denied based on its analysis and balancing of the § 3553(a) factors. The Court has balanced those factors in light of the compassionate release issues not in play at the original sentencing. *See Kibble, 992 F.3d* at 335 (Gregory, C.J., concurring).

In conjunction with the § 3553(a) factors, it is appropriate to highlight the facts of the instant offense and the Defendant's criminal history. The Defendant committed his present federal convictions, conspiring to distribute 5 kilograms or more of cocaine

6

and 50 grams or more of crack, and distribution of cocaine, while on state probation for several drug and firearm offenses. While on state probation, Defendant committed the instant offenses—another significant drug crime involving substantial amounts of both crack and cocaine. Paragraphs 6 – 33 of the PSR outline the offense conduct, which includes a summary of the witnesses who testified at trial that the Defendant sold more than 20 kilograms of cocaine during the course of the conspiracy. *See* PSR ¶¶ 7-31. The Court hereby incorporates this portion of the PSR by reference. Additionally, at trial several witnesses stated that Defendant carried firearms during the course of the conspiracy, reinforced by the seizure of a stole 9mm handgun from the Defendant during a traffic stop, for which he received a two-level enhancement. *Id*. The PSR attributed over 4.5 kilograms of crack and 20 kilograms of cocaine to the Defendant, however the parties conceded at sentencing that the provable amount was at least 1.5 kilograms but less than 4.5 kilograms of crack cocaine, which were used to calculate the Guidelines that apply, as the crack Guidelines are higher than the applicable cocaine Guidelines. ECF No. 161 at 1.

Prior to the Defendant's present federal convictions for which he is currently incarcerated, he was convicted of serious drug offenses and violent conduct. In 1998, Defendant was convicted of possession of crack cocaine and sentenced to two years' probation. PSR ¶ 40. In 2000 he was convicted of resisting arrest. PSR ¶ 41. Later in 2000, Defendant was convicted of unlawful possession of a pistol on a premises selling alcoholic beverages and malicious injury to real property when Defendant fired shots inside a nightclub, "Club Lexus." PSR ¶ 42. Defendant was sentenced to 3 years and

7

$2,000 suspended upon service of 90 days and 3 years probation for the unlawful possession of a pistol charge and 5 years suspended upon service of 90 days and 3 years' probation on the malicious injury to real property charge. *Id*. Notably, Defendant's state probation was subsequently revoked for one year. PSR ¶ 42. While on probation for the unlawful possession of a pistol conviction, Defendant committed a drug offense in 2003 when he was charged with possession of marijuana, second offense, and sentenced to 1 year or a $250 fine. PSR ¶ 42.

Based on his prior convictions, Defendant is in a criminal history category of IV.[1] A review of Defendant's criminal history demonstrates his disrespect for the law and his propensity to engage in criminal activity. Defendant has an extensive criminal history for drug offenses dating back to 1998. In light of Defendant's criminal history, the Court concludes that "the history and characteristics of the defendant" weigh against release.

The Court takes notice that while Defendant has been incarcerated for the instant offense, he has an inmate disciplinary history which includes assaulting without serious injury, interfering with staff and phone use. *See* ECF No. 249 at 9. The Court also notes that sentences of incarceration were available for Defendant's conduct, and his Guidelines range was 324 to 405 months' imprisonment. ECF No. 161 at 1. The Court imposed 324 months, a sentence on the low end of the Guidelines

---

[1] The Court notes that even if Defendant's criminal history points were re-calculated under the current version of the Sentencing Guidelines, without the former version of U.S.S.G. § 4A1.1(e) referenced in paragraph 46 of his PSR, his total number of criminal history points (7), would still place him in a criminal history category of IV.

8

range. Pursuant to Amendment 782 to the Guidelines, however, Defendant's sentence was later reduced from 324 months to 252 months. *See* ECF No. 217. Despite the fact that Defendant's statutory minimum has been reduced from 20 years to 10 years since the date of his original sentencing, his Guidelines range (210 – 262 months) would be the same. Again, the 252-month sentence imposed is within the applicable Guideline range. The new 10 year minimum has no impact on the current sentence.

As previously noted, that sentence was reduced to 252 months by this Court pursuant to Amendment 782 to the Sentencing Guidelines. Defendant has been in federal custody for over 14 years, approximately two-thirds of the term of imprisonment imposed by the Court. After reviewing the available sentences, the applicable Guidelines, and the sentence imposed, the Court concludes that §§ 3553(a)(3)-(4) also weigh against release and require Defendant serve the sentence imposed.

For the reasons stated, including the Court's § 3553(a) analysis and because Defendant did not establish an "extraordinary and compelling reason," the Court concludes that a sentence reduction is not appropriate. Accordingly, his compassionate release motion, ECF No. 132, is **DENIED**.[2]

---

[2] To the extent he seeks an order directing the BOP to grant him an early release to home confinement pursuant to the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), the Court does not have discretion to issue such an order. *See, e.g., United States v. Hendrix*, No. 1:10-cr-00067-MR-WCM-2, 2020 WL 2319698, at *1 (W.D.N.C. May 11, 2020) ("The discretion to release a prisoner to home confinement lies solely with the Attorney General. The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this." (citations omitted)).

**IT IS SO ORDERED.**

                                                *s/ Terry L. Wooten*
                                                Terry L. Wooten
                                                Senior United States District Judge

March 1, 2022
Columbia, South Carolina

10